**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION**

| | |
|---|---|
| Heather Miller fka Heather Wilson,<br><br>    Plaintiff,<br><br>v.<br><br>Convergent Outsourcing, Inc.,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## <u>PARTIES</u>

1.    Plaintiff, Heather Miller fka Heather Wilson ("Heather"), is a natural person who resided in Lexington, Missouri, at all times relevant to this action.

2.    Defendant, Convergent Outsourcing, Inc. ("Convergent"), is a Washington corporation that maintained its principal place of business in Renton, Washington, at all times relevant to this action.

Complaint                                                    1                    Northwest Debt Relief Law Firm
                                                                                14900 Interurban Ave. So.
                                                                                Suite 271, PMB 43
                                                                                Seattle, WA  98168
                                                                                Telephone: 206-674-4559

**JURISDICTION AND VENUE**

3.   Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.   Pursuant to 28 U.S.C. § 1391(b), venue is proper because Defendant resides in this judicial district.

**STATEMENT OF FACTS**

5.   Before Convergent began contacting Heather, it and Heather had no prior business relationship and Heather had never provided express consent to Convergent to be contacted on her cellular telephone.

6.   Convergent regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7.   The principal source of Convergent's revenue is debt collection.

8.   Convergent is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.   As described, *infra*, Convergent contacted Heather to collect a debt that was incurred primarily for personal, family, or household purposes.

10.   This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11.   Heather is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.   Within the past twelve months, Convergent began calling Heather on her cellular phone in connection with the collection of a debt.

13.   Shortly after the calls began, Heather informed Convergent she did not owe the debt.

14.   In response, Convergent threatened legal action if Heather didn't pay the debt.

Complaint                                   2                    Northwest Debt Relief Law Firm
                                                                  14900 Interurban Ave. So.
                                                                  Suite 271, PMB 43
                                                                  Seattle, WA  98168
                                                                  Telephone: 206-674-4559

15. Convergent has not taken legal action against Heather.

16. Convergent never intended to take legal action against Heather.

17. Despite this communication, Convergent continued to call Heather on her cellular phone in connection with the collection of a debt.

18. On or around October 16, 2015, Convergent called Heather's ex-boyfriend ("Ex-boyfriend") on Ex-boyfriend's cellular phone in an attempt to collect a debt for Heather.

19. At the time of this communication, Convergent already had Heather's location information.

20. During this communication, Convergent disclosed its name to Ex-boyfriend; then Ex-boyfriend handed the phone to Heather.

21. During this communication, Heather reiterated she didn't owe the debt and communicated her desire that Convergent cease calling Ex-boyfriend.

22. Subsequently, Heather telephoned Convergent in an attempt to determine why Convergent continued to call Heather in connection with the collection of a debt Heather didn't owe.

23. During this communication, the Convergent representative raised their voice at Heather and accused Heather of not wanting to pay her bills.

24. On or around October 19, 2016, Heather notified Convergent that Heather retained legal counsel and provided her attorney's contact information.

25. Despite this notice, Convergent continued to call Heather on her cellular phone in connection with the collection of a debt.

26. On more than one occasion, Heather notified Convergent that Heather retained legal counsel.

Complaint                                   3                    Northwest Debt Relief Law Firm
                                                                 14900 Interurban Ave. So.
                                                                 Suite 271, PMB 43
                                                                 Seattle, WA  98168
                                                                 Telephone: 206-674-4559

27. Nevertheless, Convergent continued to call Heather on her cellular phone in connection with the collection of a debt.

28. Convergent's collection efforts, including but not limited to its telephone calls, caused Heather emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

29. Convergent's collection efforts also intruded upon Heather's privacy.

30. In addition, each time Convergent placed a telephone call to Heather, Convergent occupied Heather's telephone number such that Heather was unable to receive other phone calls at that telephone number while Convergent was calling her.

31. Convergent's telephone calls also forced Heather to lose time by having to tend to Convergent's unwanted calls.

### COUNT ONE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 31 above as if fully set forth herein.

33. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

### COUNT TWO

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 31 above as if fully set forth herein.

Complaint                                          4                        Northwest Debt Relief Law Firm
                                                                            14900 Interurban Ave. So.
                                                                            Suite 271, PMB 43
                                                                            Seattle, WA  98168
                                                                            Telephone: 206-674-4559

35.  Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

36.  Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 31 above as if fully set forth herein.

37.  In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector.  *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

38.  "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse."  *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

39.  The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

40.  Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

41.  Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 31 above as if fully set forth herein.

42.  Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

43.  Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 31 above as if fully set forth herein.

44.  Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX

### Violation of the Telephone Consumer Protection Act

45.  Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 31 above as if fully set forth herein.

46.  Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

Complaint                                6                      Northwest Debt Relief Law Firm
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA  98168
Telephone: 206-674-4559

47.   The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which

has the capacity…(A) to store or produce telephone numbers to be called, using a random

or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

48.   "[A] predictive dialer is equipment that dials numbers and, when certain computer software

is attached, also assists telemarketers in predicting when a sales agent will be available to

take calls.  The hardware, when paired with certain software, has the capacity to store or

produce numbers and dial those numbers at random, in sequential order, or from a database

of numbers."  *In the Matter of Rules and Regulations Implementing the Telephone*

*Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015,

p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone*

*Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the*

*Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of*

*1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

49.   A predictive dialer is an ATDS within the meaning of the TCPA. *In the Matter of Rules and*

*Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory

Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules &*

*Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.

Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the*

*Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

50.   The TCPA provides, in part:

Complaint                                              7                              Northwest Debt Relief Law Firm
                                                                                      14900 Interurban Ave. So.
                                                                                      Suite 271, PMB 43
                                                                                      Seattle, WA  98168
                                                                                      Telephone: 206-674-4559

(b)  RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

>> * * *

>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

51.   The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶¶ 72-73.

52.   Plaintiff was the "called party" in each telephone call Defendant placed to a Plaintiff's cellular telephone.

53.   Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on her cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

Complaint                                         8                              Northwest Debt Relief Law Firm
                                                                                14900 Interurban Ave. So.
                                                                                Suite 271, PMB 43
                                                                                Seattle, WA  98168
                                                                                Telephone: 206-674-4559

54. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

55. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

56. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc*. 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

57. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; see also *Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

58. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

59. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

Complaint                                    9                      Northwest Debt Relief Law Firm
                                                                     14900 Interurban Ave. So.
                                                                     Suite 271, PMB 43
                                                                     Seattle, WA  98168
                                                                     Telephone: 206-674-4559

**JURY DEMAND**

60.   Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

61.   Plaintiff prays for the following relief:

      a.   Judgment against Defendant for actual damages, statutory damages, and costs and

          reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

      b.   An order enjoining Defendant from placing further telephone calls to Plaintiff's

          cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

      c.   Judgment against Defendant for statutory damages pursuant to 47 U.S.C.

          § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

      d.   For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: September 27, 2016        By:  s/ Thomas McAvity
                                    Thomas A. McAvity #35197
                                    Northwest Debt Relief Law Firm
                                    14900 Interurban Ave. So
                                    Suite 271, PMB 43
                                    Seattle, WA  98168
                                    Telephone: 206-674-4559
                                    Facsimile: 866-241-4176
                                    Email: thomas@nwdrlf.com
                                    *Attorney for Plaintiff, Heather Miller*

Northwest Debt Relief Law Firm
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA  98168
Telephone: 206-674-4559